IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NEDRICK LAMONT JOHNSON, | : | Civil No. 3:23-cv-1841 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| LSCI-ALLENWOOD WARDEN, | : | |
| Respondent | : | |

**MEMORANDUM**

Petitioner Nedrick Lamont Johnson ("Johnson") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the Federal Bureau of Prisons' ("BOP") determination that he is ineligible for earned time credits under the First Step Act ("FSA"). (Doc. 1). For the reasons set forth below, the Court will deny the habeas petition.

**I.   Background**

Johnson is serving a 180-month term of imprisonment imposed by the United States District Court for the Eastern District of Virginia for conspiracy to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1). (Doc. 7-1, pp. 5-7, Public Information Inmate Data). Pursuant to his plea agreement, Johnson also pled guilty to being "an organizer or leader of a criminal activity that involved five or more participants." (Doc. 7-1, Knepper Decl. ¶ 8; Doc. 7-1, Ex. C at 3-4, Plea Agreement). His projected release date is December 3, 2031, via good conduct time release. (Doc. 7-1 pp. 5, 7).

## II. Discussion

Respondent argues that Johnson's habeas petition must be denied because the BOP properly determined that he is ineligible to receive FSA time credits based on his sentence. (Doc. 7, pp. 5-7).

The FSA allows eligible inmates who successfully complete evidence-based recidivism reduction programs or productive activities to receive time credits to be applied toward time in prerelease custody or supervised release. See 18 U.S.C. § 3632(d)(4)(A), (C). An inmate can earn ten (10) days of credit for every thirty (30) days of successful participation. See id. § 3632(d)(4)(A)(i). Furthermore, eligible inmates assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two (2) consecutive assessments may earn five (5) additional days of time credit for every thirty (30) days of successful participation, for a total of fifteen (15) days' time credit per thirty (30) days' successful participation. See id. § 3632(d)(4)(A)(ii).

The FSA contains multiple eligibility requirements, including an extensive list of convictions that render a prisoner ineligible to earn time credits. See id. § 3632(d)(4)(D). If time credits under the FSA are properly earned by an eligible inmate, application of those time credits to a prisoner's sentence is governed by 18 U.S.C. § 3624(g). Among other requirements, to be eligible for application of earned time credits, a prisoner must: (1) have earned time credits "in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment"; (2) demonstrate through periodic risk assessments a recidivism risk

2

reduction or maintain a "minimum or low recidivism risk" during the term of imprisonment; (3) have had the remainder of his term of imprisonment computed; and, (4) as pertains to prerelease custody, have been determined under the System to be a minimum or low risk to recidivate pursuant to the last two reassessments of the prisoner or have had a petition to be transferred to prerelease custody approved by the warden of the prison. *See id.* § 3624(g)(1); *see also* 28 C.F.R. § 523.44(b), (c).

Respondent asserts that Johnson is ineligible for earned time credits under the FSA. Specifically, Respondent contends that Johnson is ineligible under 18 U.S.C. § 3632(d)(4)(D)(lxv) which provides that "[a] prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law[:]"

> (lxv) Subparagraph (A)(i) or (B)(i) of section 401(b)(1) of the Controlled Substances Act (21 U.S.C. 841(b)(1)) or paragraph (1)(A) or (2)(A) of section 1010(b) of the Controlled Substances Import and Export Act (21 U.S.C. 960(b)), relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, dispense, or knowingly importing or exporting, a mixture or substance containing a detectable amount of heroin if the sentencing court finds that the offender was an organizer, leader, manager, or supervisor of others in the offense, as determined under the guidelines promulgated by the United States Sentencing Commission.

18 U.S.C. § 3632(d)(4)(D)(lxv). Johnson was convicted of conspiracy to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1). He also pled guilty to being "an organizer, leader, manager, or supervisor of others in the offense." *See* 18 U.S.C. §

3

3632(d)(4)(D)(lxv); *see also* Doc. 7-1, Knepper Decl. ¶ 8; Doc. 7-1, Ex. C, pp. 3-4, Plea Agreement.

A defendant "is eligible for a sentence reduction under § 404(b) of the First Step Act only if his statute of conviction included a § 841(b) penalty provision modified by the Fair Sentencing Act." *United States v. Coleman*, 66 F.4th 108, 110-11 (3d Cir. 2023). If, as here, the defendant's sentencing record does not identify a penalty provision, courts have consulted the plea agreement, the Presentence Investigation Report ("PSR"), and the district court's sentence to determine the § 841(b) penalty provision. *Id.* at 111. Respondent has presented evidence that Johnson's PSR indicates that counts 1 and 2 were grouped for guideline calculation purposes because the offense level is determined largely on the basis of the quantity of substance involved, which was at least one but less than three kilograms of heroin. (Doc. 7-1, Knepper Decl. ¶ 7). Johnson's plea agreement also indicates the drug quantity in his possession—"at least one kilogram but less than three kilograms of heroin"—and his aggravating role as an organizer or leader of a criminal activity that involved five or more participants. (*Id.* ¶ 8; Doc. 7-1, Ex. C, pp. 3-4, Plea Agreement).

The Court finds that the BOP properly found that Johnson is ineligible for earned timed credits under the FSA based on the drug quantity in his possession and his aggravating role as an organizer or leader of the criminal activity. Pursuant to 18 U.S.C. §

3632(d)(4)(D)(lxv), Johnson's sentence precludes him from receiving earned time credits under the FSA. Thus, his § 2241 petition must be denied.

## III. Conclusion

The Court will deny the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Dated: December 19, 2023